## OPINION OF THE JUSTICES.

OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTA-
TIVES.

*Superior Court,* Three judge panel. *Labor. Constitutional Law,* Equal
protection of laws.

It would be constitutionally competent, and not a denial of equal pro-
tection of the laws, for the General Court to enact legislation pro-
viding for hearing and determination of cases involving labor disputes
by three judges of the Superior Court.

On May 7, 1959, the Justices submitted answers to the
following questions propounded to them by an order of the
House of Representatives in connection with pending
House bill No. 1136:

1. Is it constitutionally competent for the General
Court to enact legislation establishing different procedure
and conditions in actions arising out of labor disputes?

2. Would the enactment of such legislation be class
legislation impairing equality before the law and equal
protection of equal laws to all persons?

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in an order
adopted by the House on April 30, 1959, and submitted to
us on May 4. The order refers to House bill No. 1136 now
pending before the House and entitled, "An Act providing
for a panel of three associate justices of the superior court to
act upon labor dispute cases." The bill seeks to amend

G. L. c. 212, relating to the Superior Court, by adding a new § 30 reading as follows:

"Section 30. In any action or proceeding involving or arising under sections twenty B, twenty C or twenty-four of chapter one hundred and forty-nine, or section nine A or nine B of chapter two hundred and fourteen or chapter one hundred and fifty A of the General Laws, the chief justice shall designate three associate justices to hear and determine the action or proceeding. The decision of said court shall be subject to review in accordance with the provision of subsection (6) of section nine A of chapter two hundred and fourteen of the General Laws."

These questions are answered by *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, where the Supreme Judicial Court was considering St. 1913, c. 835, § 369, revised by St. 1914, c. 783, § 10 (see now G. L. c. 55, § 28), which provided: "Election petitions . . . shall be heard and determined by three justices of the superior court who shall each year, immediately following the annual state election, be assigned by the chief justice of said court for the hearing and determination of all matters arising under election petitions during the ensuing year." The court speaking through Chief Justice Rugg said, at page 71: "The Legislature may provide that particular causes may be tried before one or more judges of any court. The history of statutory changes respecting the trial of indictments for capital offences, from the original requirement that all such trials must be before this court sitting en banc to the present provisions that they be had before a single judge of the Superior Court, is an illustration of the power of the Legislature in this regard. *Commonwealth* v. *Phelps*, 210 Mass. 78." See 13 Mass. L. Q. No. 5, p. 107. The opinion referred to other cases where the Legislature had provided for hearings before three justices: Claims of more than $1,000 against the Commonwealth before three justices of the Superior Court. R. L. c. 201, § 2. Certain civil actions, by agreement of the parties, before three justices of the Superior

Court. R. L. c. 157, § 5. The Appellate Division of the Municipal Court of the City of Boston to consist of three justices to be designated from time to time by the chief justice of that court. St. 1912, c. 649, § 8.

To these may be added more recent examples: The appellate division of the Superior Court to review certain sentences to consist of three justices to be designated from time to time by the chief justice of that court. G. L. c. 278, § 28A (as amended through St. 1945, c. 255, § 1). Three appellate divisions of the District Courts to consist of five justices in each of three districts to be assigned by the chief justice of the Supreme Judicial Court. G. L. c. 231, § 108 (as amended through St. 1958, c. 300).

To the first question we answer, "Yes." To the second question we answer, "No."

> RAYMOND S. WILKINS.
> JAMES J. RONAN.
> JOHN V. SPALDING.
> HAROLD P. WILLIAMS.
> EDWARD A. COUNIHAN, Jr.
> ARTHUR E. WHITTEMORE.
> R. AMMI CUTTER.